IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN WHITE : CIVIL ACTION

v. :

DAVID A VARANO, et al. : NO. 12-4283

**REPORT AND RECOMMENDATION**

THOMAS J. RUETER                                            February    , 2013
United States Magistrate Judge

      Presently before the court is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a prisoner incarcerated in the State Correctional Institution Coal Township. For the reasons that follow, it is recommended that the petition be placed in abeyance until the resolution of pending related state court proceedings.

I.     BACKGROUND AND PROCEDURAL HISTORY

      On December 20, 2004, a jury sitting in the Court of Common Pleas for Philadelphia County convicted petitioner of first degree murder and criminal conspiracy. (Resp. Ex. C at 3.) Petitioner was sentenced to life imprisonment for first degree murder, with a consecutive term of one to two years for criminal conspiracy on February 1, 2005. Id. On April 4, 2006, the Superior Court of Pennsylvania affirmed petitioner's judgment of sentence. Id. The Pennsylvania Supreme Court denied the petition for allowance of appeal on August 10, 2006. Commonwealth v. White, 906 A.2d 543 (Pa. 2006) (Table).

      On June 12, 2007, petitioner filed a pro se petition for relief under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541, et seq. ("PCRA"). Counsel was appointed and petitioner filed an amended petition on July 29, 2008. On December 11, 2008, the PCRA court dismissed the petition. (Resp. Ex. B. at 3.) Petitioner filed a motion for

reconsideration, which was denied on December 22, 2008. Id. Petitioner appealed to the Pennsylvania Superior Court, which, by opinion dated April 23, 2010, remanded the case for an evidentiary hearing on whether trial counsel was ineffective for failing to call certain witnesses. Commonwealth v. White, 998 A.2d 1021 (Pa. Super. Ct. 2010) (Table) (Resp. Ex. B). The court held an evidentiary hearing and denied the claim for relief. (Resp. Ex. C at 4.) Petitioner appealed to the Pennsylvania Superior Court, which affirmed the denial of PCRA relief. Commonwealth v. White, 37 A.3d 1222 (Pa. Super. Ct. 2011) (Table) (Resp. Ex. C). On March 21, 2012, the Pennsylvania Supreme Court denied the petition for allowance of appeal. Commonwealth v. White, 40 A.3d 1236 (Pa. 2012) (Table).

On May 7, 2012, petitioner filed a second pro se PCRA petition. See Court of Common Pleas of Philadelphia County Docket, located at http://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-51-CR-1003183-2003.

Petitioner filed the instant habeas petition on July 27, 2012. In the habeas petition, petitioner raised the following claims: (1) the evidence was insufficient to sustain his conviction for first degree murder and criminal conspiracy; (2) the trial court erred in refusing to instruct the jury on voluntary manslaughter; (3) petitioner was denied a fair and impartial trial when the prosecutor committed misconduct during summation to the jury; (4) trial counsel was ineffective for failing to investigate and call witnesses at trial whose testimony would have affected the outcome of the trial; and (5) trial counsel and PCRA counsel were ineffective in (a) waiving all but one of the issues raised in petitioner's pro se PCRA petition, and (b) failing to raise trial counsel's ineffectiveness for failing to object to the prosecutor's statements during

closing that (i) the decedent was talking to the jury from his grave, (ii) referred to evidence not in the record, and (iii) inflamed the passions of the jury by stating that petitioner was guilty. On August 17, 2012, petitioner filed a motion to stay the habeas proceedings pending the disposition of his second PCRA petition ("Motion to Stay"). (Doc. 4.) Respondents filed a response to the habeas petition on January 16, 2013, indicating that they do not oppose a stay of the instant habeas petition pending disposition of the second PCRA action in state court. (Doc. 11.)[1]

## II. DISCUSSION

It is well established that a prisoner must present all of his claims to a state's intermediate court, as well as to its supreme court, before a district court may entertain a federal petition for habeas corpus. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845, 847 (1999); Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012).[2] "The exhaustion requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir. 1992). Pursuant to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"),

> [a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the

---

[1] Respondents stated as follows regarding their lack of opposition to the petitioner's request for a stay: "[g]iven petitioner's recent filing of a second PCRA petition, in which he attempts to invoke the statutory exceptions to the PCRA time-bar, respondents do not oppose a stay of the instant federal habeas petition pending disposition of the second PCRA action in state court." See Resp. at 6 (footnote omitted).

[2] On May 9, 2000, the Pennsylvania Supreme Court issued Order No. 218 that declares that federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement. The Third Circuit has recognized the validity of this Order. See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

law of the State to raise, by any available procedure, the question presented.
28 U.S.C. § 2254(c).

The AEDPA also establishes a one-year statute of limitations for filing a habeas petition. 28 U.S.C. § 2244(d)(1); Wilson v. Beard, 426 F.3d 653, 659 (3d Cir. 2005). This one-year period runs from the date on which the judgment became final by the conclusion of direct review or when the time for seeking certiorari review expires. 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Under the PCRA, a petitioner must file for PCRA relief within one year of the date the judgment becomes final. 42 Pa. Cons. Stat. Ann. § 9545(b)(1). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the United States Supreme Court and the Pennsylvania Supreme Court, or at the expiration of time for seeking such review. Id. § 9545(b)(3).

On direct appeal, the Pennsylvania Supreme Court denied White's petition for allowance of appeal on August 10, 2006. As petitioner's judgment became final on November 8, 2006, he had until November 8, 2007, to seek collateral relief under this statute. See 42 Pa. Cons. Stat. Ann. § 9545(b)(3) (judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review); Supreme Court Rule 13(1)

("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Petitioner filed his first PCRA petition on June 12, 2007.

The filing of the PCRA petition tolled the one-year statute of limitations under the AEDPA. Thus, the AEDPA statute of limitations was tolled from June 12, 2007, until March 21, 2012, when the Pennsylvania Supreme Court denied the petition for allowance of appeal on the first PCRA petition. At the time of the filing of the first PCRA petition, 216 days had elapsed (from November 8, 2006 until June 12, 2007) under the AEDPA one-year statute of limitations. The AEDPA statute of limitations clock began running again on March 22, 2012, with 149 days remaining. It was again tolled on May 7, 2012, when petitioner filed his second PCRA petition. At the time of the filing of the second PCRA petition, 263 days had elapsed under the AEDPA one-year statute of limitations. It appears that petitioner filed this habeas petition while his second PCRA petition is still pending, and then filed a motion for stay and abeyance, to ensure that he will not be out of court if the state court finds his second PCRA petition time-barred, resulting in the state action not being "properly filed" for purposes of tolling the AEDPA's statute of limitations. If the second PCRA petition is deemed time-barred by the state court, the AEDPA statute of limitations would have expired on August 17, 2012, shortly after the habeas petition was filed on July 27, 2012.[3]

---

[3] As of March 22, 2012, when the AEDPA statute of limitations began running again after being tolled during the pendency of the first PCRA petition, 216 days of the one-year period had elapsed. Thus, there remained 149 days in the one-year AEDPA statute of limitations period. Accordingly, the one-year period expired on August 17, 2012.

As noted above, Respondents do not oppose a stay of the instant proceedings pending disposition of petitioner's second PCRA petition in the state courts. Nonetheless, the court will consider whether petitioner has satisfied the requirements for imposition of a stay of these habeas proceedings. Generally, a court will grant a petitioner's request for abeyance in the limited case where a petitioner has filed a mixed petition within the federal statute's one year limitations period, to allow the petitioner to exhaust his claims in state court without risk of later being time- barred under the federal statute of limitations. See generally Rhines v. Weber, 544 U.S. 269 (2005). A "stay and abeyance" protects a habeas petitioner who has filed a timely federal habeas petition from missing the federal statute of limitations while he satisfies the exhaustion requirements.

The Third Circuit Court of Appeals has held that Rhines is not limited only to mixed petitions. See Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009) (considering a habeas petition that contained only unexhausted claims and noting that "[t]he full range of circumstances in which a habeas petitioner is eligible for stay-and-abeyance is not yet clear," and that a petition may merit a stay "even where only unexhausted claims are at issue"). The court affirmed that "we hold that good cause as described in Rhines . . . does at least encompass more than mixed petitions." Id. at 192 n.3. The Third Circuit concluded that the three requirements for a stay set forth in Rhines are: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics. Id.

The instant petition may be a mixed petition. This court lacks the state court record to confirm whether the petition is mixed. However, in light of holdings in Rhines and Heleva, whether the instant petition is mixed is irrelevant. The court will consider whether

6

petitioner has met the requirements for a stay as stated by the Third Circuit: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics. See Heleva, 581 F.3d at 192.

Good cause exists for the instant habeas petition to be stayed pending disposition of the second PCRA petition. Petitioner filed the habeas petition while his second PCRA petition is pending in the state court to ensure that he will not be out of court should the state courts find his second PCRA petition time-barred,[4] resulting in the state action not being "properly filed" for purposes of tolling the AEDPA's statute of limitations. See 28 U.S.C. § 2244(d). The Supreme Court has held that an untimely filed petition for post-conviction relief does not trigger tolling under § 2244(d). Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005). The Court reasoned that "a prisoner seeking state post-conviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Id. (citing Rhines, 544 U.S. at 278). The Court further stated that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." Id. In the case at bar, petitioner has filed such a 'protective' petition. Petitioner represents in his Motion to Stay that he filed the habeas petition "in order to stop the one-year limitation period because time was running out and therefore to avoid any procedural defaults petitioner filed his application including all issues including the ones now pending in his current

---

[4] Petitioner avers that his second PCRA petition would not be time-barred because he raises claims under the governmental interference and newly-discovered evidence exceptions to the PCRA time-bar pursuant to 42 Pa. Cons. Stat. Ann. § 9545(b)(1)(i) and (ii). See Second PCRA petition (Mot. to Stay, Exh. 2).

7

PCRA petition in state court" and that he "filed his claims in the state courts to avoid any equitable tolling issues." (Mot. to Stay at 2.) Petitioner further avers that "considering the United States Supreme Court decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012), petitioner wanted to give the state courts the first opportunity to address his PCRA counsel ineffectiveness claims." Id.

With regard to the other Rhines factors, a review of the state court docket reveals no evidence that petitioner has intentionally engaged in dilatory litigation tactics. Rather, petitioner appears to have exhibited reasonable diligence in meeting the filing deadlines. In addition, the claims raised in the habeas petition appear to be the same claims petitioner raised in the state courts, and which are the subject of the pending state court proceedings. See Pet. ¶ 12. This court has not reviewed the merits of petitioner's habeas claims; however, it appears that the habeas claims are not "plainly meritless." See Rhines, 544 U.S. at 277.

Petitioner currently has a proceeding pending before a state court and the state court should have the opportunity to dispose of the matters before it. The doctrine of comity "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Id. at 274 (quotation omitted).

## III. RECOMMENDATION

For all of the above reasons, the court makes the following:

### RECOMMENDATION

AND NOW, this ____ day of February, 2013, the court respectfully recommends that the instant habeas case be placed in abeyance until the completion of the pending related

8

state court proceedings. Petitioner and Respondents shall monitor this case and immediately notify the court when the state court proceedings have concluded. Respondents need not file an answer and memorandum of law in response to the habeas petition until further order of the court.

Petitioner may file objections to this Report and Recommendation. <u>See</u> Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

__/s/ Thomas J. Rueter_____
THOMAS J. RUETER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN WHITE | : | CIVIL ACTION |
| v. | : | |
| DAVID A VARANO, et al. | : | NO. 12-4283 |

**ORDER**

AND NOW, this        day of                    , 2013, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter, it is hereby

**ORDERED**

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.

2. Petitioner's request that the habeas case be held in abeyance until the resolution of pending related state court proceedings (Doc. 4) is **GRANTED**.

3. Petitioner and Respondents shall monitor the state court proceedings and immediately notify this court upon their conclusion.

BY THE COURT:

_____
MARY A. MCLAUGHLIN,     J.